UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH TAGUE, | ) |
|     *Plaintiff*, | ) ) ) |
| vs. | ) Cause No. 1:20-cv-3199 |
| SMITHFIELD FOODS, INC. and SHAWN HUTCHERSON, | ) ) ) ) |
|     *Defendants*. | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Sarah Tague ("Plaintiff"), by counsel, and for her claims for damages against the Defendants, Smithfield Foods, Inc. ("Smithfield") and Shawn Hutcherson ("Hutcherson"), collectively ("Defendants"), alleges as follows:

## COMPLAINT

Plaintiff brings this claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., to remedy sex stereotyping and gender discrimination in employment.

## JURISDICTION AND VENUE

1. This case arises under the Constitution and laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §2000e-5(f) because all events giving rise to the claim occurred in the Southern District of Indiana.

3. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and Title VII of the Civil Rights Act of 1964 to remedy gender discrimination in employment.

4. Plaintiff has fulfilled all conditions precedent under Title VII prior to instituting this lawsuit, as necessary, and has otherwise exhausted her administrative remedies.

5. Ms. Tague filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on September 15, 2020.

## PARTIES

6. Plaintiff is a female and at all relevant times she resided in the Southern District of Indiana.

7. Defendant, Smithfield Foods, Inc., is a corporation whose primary business is food-processing and pork production. Defendant, Shawn Hutcherson, is the branch manager of the Smithfield Foods, Inc. located in Brazil, Indiana.

## FACTUAL ALLEGATIONS

8. Ms. Tague began working for Smithfield in 2015 in the Brazil branch office, as a truck driver delivering food products to various stores in the Southern District of Indiana.

9. Ms. Tague performed her job well and was eventually promoted to management trainee.

10. On March 11, 2020, Ms. Tague contacted the human resource department regarding the branch manager, Hutcherson, specifically addressing his constant rude, disrespectful, and unwanted behavior towards her. The Human Resources department advised Ms. Tague to contact her immediate supervisor, Brian Campbell ("Campbell").

11. On April 1, 2020, Campbell addressed the situation and authorized Ms. Tague to begin working remotely in order to limit the interactions between Ms. Tague and Hutcherson. When Hutcherson received information regarding Ms. Tague's new work arrangement, he became upset and demanded that Ms. Tague not be allowed to work remotely. He made disparaging

comments regarding her time-management skills and threatened disciplinary action. Campbell removed her from remote work duty. Hutcherson remained Ms. Tague's branch manager.

12. Also on April 1, 2020, Ms. Tague received a disciplinary infraction from Hutcherson for "insubordination." She received no explanation, despite requesting one.

13. On or about May 5, 2020, another employee at Smithfield Foods, Inc., whose name, upon information and belief is Justin Grimes, overheard Hutcherson disclosing Ms. Tague's personal medical information over the phone, including her recent COVID-19 test. Hutcherson dissuaded Grimes from reporting the incident.

14. On or about July 13, 2020, Ms. Tague was called back to the home branch office by Campbell while on a route and Mr. Campbell refused provide a justification or explanation for the meeting when Ms. Tague asked for one.

15. On or about July 14, 2020, Hutcherson made disparaging comments directed at Ms. Tague regarding women in Ms. Tague's presence.

16. On or about July 16, 2020, Hutcherson shouted at Ms. Tague regarding her expense reports she submitted. Expense reports are submitted each week and prior to this day, Ms. Tague had never received a complaint regarding her expenditures. Hutcherson berated Ms. Tague and accused her of theft.

17. On or about July 17, 2020, Ms. Tague experienced mental anguish and emotional distress when she arrived at her branch office due to the constant and relentless harassment by Hutcherson.

18. On or about July 20, 2020, Ms. Tague again contacted the human resource department regarding Hutcherson's behavior. No action was taken other than advising Ms. Tague to speak with Hutcherson regarding her complaint.

19. On or about July 31, 2020, Hutcherson again berated Ms. Tague for an expense report that she submitted, despite the expenditures being authorized by company policy.

20. On or about August 12, 2020, Ms. Tague asked her colleague to walk into the office with her out of fear that Hutcherson would harass her.

21. On or about August 13, 2020, Ms. Tague was training an employee as part of her duties as a management trainee. Hutcherson contacted the management trainee to discover his whereabouts and set up a time to meet with him. However, when Hutcherson arrived to the location, he berated and harassed Ms. Tague.

22. In January 2020, several employees stated to Ms. Tague their awareness of Hutcherson's treatment to her and acknowledged that he is explicitly cruel only to her. One employee speculated that, perhaps, she had denied to have sexual relations with Hutcherson and that was the source of his anger and ridicule.

23. Ms. Tague resigned from Smithfield Foods Inc. because of the hostile work environment created by Hutcherson and Smithfield's inaction. Her last day was August 28, 2020.

## COUNT I

### Hostile Work Environment

24. Plaintiff incorporates paragraphs 1-23 by reference.

25. Ms. Tague is a woman, and was treated with harsh treatment by Hutcherson, branch manager at Smithfield Food, Inc. during the five (5) years she has worked at the company. His treatment of Ms. Tague was unwelcome and occurred because of her gender. He did not treat the male employees with the same harsh treatment.

26. Hutcherson's behavior is attributable to her employer, Smithfield. On at least two occasions, she made aware the human resources department of Hutcherson's behavior. No action was taken.

27. Hutcherson created an abusive environment for Ms. Tague and his harassment was severe.

28. As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress, and other compensable damages.

29. For all of the reason's described in this Complaint, Defendants' actions violated Title VII of the Civil Rights Act of 1964.

## COUNT II

## RETALIATION

30. Plaintiff incorporates paragraphs 1-29 by reference.

31. Hutcherson's treatment of Ms. Tague worsened after Ms. Tague reported his conduct, a protected activity under Title VII of the Civil Rights Act of 1964.

32. Ms. Tague received disciplinary actions as a result of reporting Hutcherson's conduct, specifically she received an infraction for insubordination and was accused of deceitful behavior. These disciplinary actions had an adverse effect on Ms. Tague's opportunities for advancement.

33. As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress, and other compensable damages.

34. For all the reasons described in this Complaint, Defendants' actions violated Title VII of the Civil Rights Act of 1964.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, and award the following relief:

a. Appropriate injunctive relief, including but not limited to reinstatement, and an order restraining Defendants from engaging in further discriminatory conduct of the types of which Plaintiff complains herein;

b. Back pay, in amounts to be determined at trial, along with credit for job seniority since August 28, 2020;

b. Compensatory and consequential damages, including for emotional distress;

c. Punitive damages;

d. Pre-judgment and post-judgment interest at the highest lawful rate;

e. Attorneys' fees and costs of this action; and

f. Any such further relief as justice allows.

Respectfully submitted,

TATUM LAW GROUP, LLC

/s/ Finis Tatum IV
Finis Tatum IV, Attorney No. 29092-49
*Attorney for Plaintiff, Sarah Tague*

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully submitted,

TATUM LAW GROUP, LLC

/s/ Finis Tatum IV
Finis Tatum IV, Attorney No. 29092-49
*Attorney for Plaintiff, Sarah Tague*

I:\21202\Pleadings\Complaint for Damages